| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| John L. Greifendorff, Esq.<br>Greifendorff Law Office<br>333 City Boulevard West, 17th Floor<br>Orange, CA 92868<br>(714) 937-2063  Fax: (714) 938-3255<br>California State Bar ID #75321 | |
| *Attorney for* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Bahram HojatKashani<br>Shohreh Saljooghi<br><br>                                                                            Debtor. | CHAPTER  7<br><br>CASE NUMBER  09-bk-23270 |
|---|---|

# DEBTOR'S MOTION TO CONVERT CASE
## UNDER 11 U.S.C. §§ 706(a) OR 1112(a)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1. Debtor hereby moves this Court for an Order converting the above chapter  7  case to a case under chapter  13  on the grounds set forth below:

2. **Filing Information:**

   a. ☑ A Voluntary Petition under chapter   ☑ 7   ☐ 11   ☐ 12   ☐ 13  was filed on: 11/30/09

   b. ☐ An Involuntary Petition under chapter   ☐ 7   ☐ 11  was filed on:
      ☐ An Order of Relief under chapter   ☐ 7   ☐ 11  was entered on:

   c. ☐ An Order of Conversion to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13  was entered on:

   d. ☐ Other *(specify)*:

3. **Procedural Status**:

   a. Name of trustee appointed *(if any)*:  John M. Wolfe

   b. Name of Attorney of Record for trustee *(if any)*:

4. Debtor alleges that this case has not been previously converted.

*(Continued on next page)*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                         F 1017-1.1

Debtor's Motion to Convert Case - *Page 2*    F 1017-1.1

| In re Bahram HojatKashani<br>Shohreh Saljooghi | | CHAPTER 7 |
|---|---|---|
| | Debtor. | CASE NUMBER 09-bk-23270 |

5. Debtor alleges that the motion is filed in good faith, and that Debtor is eligible for relief under the chapter for which conversion is requested.

WHEREFORE, Debtor prays that this Court issue an Order (the form of which is submitted herewith and has been served) converting this case from one under chapter  7  to a case under chapter  13 .

Dated: 12-29-2009

Respectfully submitted,

Greifendorff Law Office
*Firm Name*

By: [signature]

Name: John L. Greifendorff, Esq. / Attorney for Debtors
*Attorney for Debtor/Trustee*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 1017-1.1

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>**John L. Greifendorff**<br>**Greifendorff Law Office**<br>**333 City Boulevard West**<br>**17th Floor**<br>**Orange, CA 92868**<br>**(714) 937-2063 Fax: (714) 938-3255**<br>**California State Bar ID #75321**<br><br>*Attorney for Debtors* | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>**Bahram HojatKashani**<br>**Shohreh Saljooghi**<br><br>                                                                                    Debtors. | CHAPTER  **7**<br><br>CASE NUMBER  **09-bk-23270** |

# ORDER ON DEBTOR'S MOTION TO CONVERT CASE
## UNDER 11 U.S.C. §§ 706(a) OR 1112(a)

Pursuant to Local Bankruptcy Rule 1017-1, Debtor moved to convert this chapter **7** case to a case under chapter **13**.

FINDING that this case was not previously converted from another chapter and Debtor is entitled to relief under the chapter to which conversion is sought, THE COURT ORDERS AS FOLLOWS:

1. ☒ Motion granted.  This case is hereby converted to chapter __**13**__ pursuant to 11 U.S.C. § 706(a).  If this case is being converted to chapter 13, Debtor must file a Chapter 13 Plan no later than 14 days after the date of the entry of this Order.

2. ☐ Motion granted.  This case is hereby converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).

   a. Within 14 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file a schedule of unpaid debts incurred after commencement of the chapter 11 case.

   b. Within 30 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file and transmit to the United States trustee a final report and account.

   c. The debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must forthwith turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control.

   d. Within 14 days of the date of this order, the Debtor must file the statements and schedules required by F.R.B.P. 1019(1)(A) and 1007, if such documents have not already been filed.

   e. If the Debtor is an individual, within 30 days of the date of this order or before the first date set for the meeting of creditors, whichever is earlier, Debtor must file a statement of intention with respect to retention or surrender of property securing consumer debts.

*(This Order is continued on the next page.)*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                                      **F 1017-1.2**

Order on Debtor's Motion to Convert Case – Page 2                                                                F 1017-1.2

| In re: | CHAPTER  7 |
|---|---|
| **Bahram HojatKashani and Shohreh Saljooghi** | CASE NUMBER  **09-bk-23270** |
| Debtor. | |

    f.    Within 30 days of the date of this order, the Debtor must, if the case is converted AFTER confirmation of a plan, file:

        (1)  A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this conversion order.

        (2)  A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this conversion order, and

        (3)  A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this conversion order.

3.  ☐ Motion denied without prejudice on the following grounds *(specify):*   ☐ See Attached Page

4.  ☐ Motion denied with prejudice on the following grounds:

    a.  ☐ Case previously converted under 11 U.S.C. §  ☐ 1112  ☐ 1208  ☐ 1307

    b.  ☐ Debtor is not an eligible debtor under the chapter to which conversion is sought

    c.  ☐ Debtor is not acting or has not acted in good faith and, therefore, is not eligible to be a debtor under chapters 11, 12 or 13

    d.  ☐ Debtor is not a debtor in possession as required under 11 U.S.C. § 1112

    e.  ☐ Case was originally commenced as an involuntary chapter 11 case and is not eligible for automatic conversion under 11 U.S.C. § 1112

5  ☐ This matter is set for hearing as follows:  *Date*:    *Time*:    *Ctrm*:
    Address of Courtroom:

6.  ☐ Notice is required as follows (*specify*):  ☐ See Attached Page

7.  ☐ Court further orders as follows (*specify*):  ☐ See Attached Page

Dated: _____

_____
JUDGE OF THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                                **F 1017-1.2**